303 So.2d 741 (1974)
STATE of Louisiana ex rel. Horace JOHNSON
v.
C. Murray HENDERSON, Warden, Louisiana State Penitentiary.
No. 54577.
Supreme Court of Louisiana.
October 11, 1974.
Murphy W. Bell, Director, Baton Rouge, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for defendant-respondent.
DIXON, Justice.
Petitioner committed two armed robberies before he was arrested in East Baton Rouge Parish on March 11, 1970. One of the robberies had been committed in East Baton Rouge Parish on March 10, 1970, and the other was committed in Pointe Coupee Parish on February 23, 1970. Petitioner pleaded guilty to the East Baton Rouge Parish offense on October 19, 1970 and was sentenced to fifteen years. On May 19, 1971 petitioner withdrew his plea of not guilty and entered a plea of guilty to the Pointe Coupee robbery. He was sentenced to fifteen years for this offense, the sentence to run concurrently with any then being served.
The Department of Corrections determined that he began serving the second sentence on May 19, 1971, the day he was sentenced. The department set his release date accordingly. The district court denied *742 mandamus, and we granted writs of certiorari. Petitioner contends that Article 880 of the Code of Criminal Procedure requires that he be given credit for time served from March 11, 1970, the day of his original arrest. Article 880 does require the State to give credit for time served while the case is pending. State v. Stewart, La., 286 So.2d 95 (1973); State v. Hall, La., 287 So.2d 798 (1973). See also Jennings v. Hunt, La., 272 So.2d 333 (1973).
The record before us shows that the petitioner was taken in custody almost immediately after the second robberythe Baton Rouge robbery. It does not show whether his initial custody was caused in part by the Pointe Coupee robbery, nor when law enforcement officials took the first action which, independent of the Baton Rouge robbery, might have resulted in his custody.
This information is essential. If petitioner were apprehended because of both offenses, he is entitled, under C.Cr.P. 880, to credit on the Pointe Coupee sentence from the time of apprehension. From whatever date officials charged petitioner with the Pointe Coupee robbery (since he was already in custody) he is due credit for time served.
To obtain this information there must be an evidentiary hearing on petitioner's mandamus proceeding in the district court. Therefore, the case is remanded to the district court with instructions to conduct an evidentiary hearing.
SANDERS, C. J., and SUMMERS and MARCUS, JJ., dissent and assign written reasons.
SANDERS, Chief Justice (dissenting).
I disagree with the majority for reasons assigned by Mr. Justice Marcus. Article 880 of the Louisiana Code of Criminal Procedure does not require credit on a sentence for the time defendant was held in another jurisdiction awaiting trial on another charge for which credit has already been given on the sentence in the other jurisdiction.
For the reasons assigned, I respectfully dissent.
MARCUS, Justice (dissenting).
Ordinarily, credit for time served in incarceration is given from the date sentence is imposed. There is no constitutional right to receive credit for time served prior to sentence. Thus, petitioner's right to credit for the time served between his arrest on March 11, 1970 and his sentence for the Pointe Coupee robbery on May 19, 1971 is governed entirely by article 880 of the Code of Criminal Procedure, which provides:
The court, when it imposes sentence, shall give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence.
The purpose of the statute is to assure a defendant of full credit for all time spent in custody prior to sentencing. In the instant case, petitioner alleges that he received full credit for time spent in pre-sentence custody against the first sentence, which was imposed on October 19, 1970 for the armed robbery he committed in East Baton Rouge Parish on March 10, 1970. All time spent in custody prior to the second sentence was credited against, and pursuant to, the first sentence. Thus, at the time of the second sentence, there was no time spent in pre-sentence custody for which the petitioner had not received full credit. Accordingly, the Department of Corrections viewed article 880 as inapplicable and fixed the commencement date of service as the date of sentencing. This determination was, in my opinion, correct. I respectfully dissent from the remand of this case.
SUMMERS, Justice (dissenting).
I join in the dissents filed by the Chief Justice and Mr. Justice Marcus.