504 So.2d 1067 (1987)
STATE of Louisiana
v.
Alfred G. DELATTE
No. KA 86 0196.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
*1068 Jesse L. Means, Jr., Asst. Dist. Atty., St. Francisville, for State.
Clayton M. Perkins, Jr., St. Francisville, for defendant.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Defendant was charged by bill of information with forgery, in violation of LSA-R.S. 14:72, pled not guilty and, after trial by jury, was found guilty as charged.[1] A sentence of five years at hard labor and court costs was imposed. Additionally, Delatte was ordered to pay restitution to the victim in the amount of $765.50. On appeal, the defendant urges as his only assignment of error that the evidence was insufficient to prove his guilt beyond a reasonable doubt.
Testimonies and documentary evidence established the following: Shortly after 1:00 p.m. on January 24, 1985, the defendant pulled into a drive-in window of the Audubon Branch of the Bank of Commerce in St. Francisville, Louisiana. Defendant, in his brown pickup truck, presented the teller, Stephanie Ferguson, with a check in the amount of $765.50 drawn on the account of Robert Greaff and payable to Duncan's Auto Repairs. The back of the check contained an endorsement in the name of Joda Duncan. Mr. Greaff's signature, as drawer, appeared irregular to Ms. Ferguson. She pulled the signature card on file and compared the two signatures. Observation disclosed a difference. Ms. Ferguson notified a bank officer, Eloise Cutrer. Ms. Cutrer never saw the defendant. She telephoned Mr. Greaff, described the check, and asked him if they should cash the check. Mr. Greaff asked if the person attempting to cash the check was driving a brown pickup truck. Ms. Cutrer asked Ms. Ferguson the same question and she responded affirmatively. When Ms. Cutrer relayed this information to Mr. Greaff he gave his approval.
At the trial, Mr. Greaff explained why he gave approval for the bank to cash the check. He testified that he had been doing business with Duncan's Auto Repair for approximately two years. The owner, Mr. Duncan, had done work on a truck, a car, and a boat belonging to Mr. Greaff. In the past, Mr. Greaff had written his signature on a blank check, which he then gave to Mr. Duncan. When the necessary parts arrived, Mr. Duncan would complete the repair work, fill out the amount of the check, and then inform Mr. Greaff. Mr. Greaff testified that, until the instant situation occurred, he had not had any problem in doing business in this manner with Mr. Duncan.
Mr. Greaff further testified that, when Ms. Cutrer informed him that the person attempting to cash the check was driving a brown pickup truck, he gave his approval for cashing the check because he knew that Mr. Duncan had a brown pickup truck. He assumed Mr. Duncan was cashing the check for work done on his boat when, in fact, the defendant had forged the check and was attempting to cash it. Mr. Greaff also testified that he knew the defendant and that the defendant occasionally spent the night at his house. Since Mr. Greaff kept his checkbook on a table in the kitchen, he testified that it would have been easy for the defendant to take a blank check out of his checkbook without his knowledge. Greaff also testified that defendant occasionally worked at Duncan's *1069 Auto Repair and knew about his system of giving blank checks to Mr. Duncan. Mr. Greaff additionally testified that, after the bank had called him, he then called Mr. Duncan, who informed him that he had not cashed the check. Mr. Greaff testified that, at that point, he knew that the defendant had stolen a blank check from him, filled it out, forged the signatures, and cashed it.
Defendant, as a witness in his own behalf, testified that he did not take a blank check from Mr. Greaff's checkbook, nor did he forge the signatures on such a check and cash it. Both the defendant and an alibi witness, Doris Morales, testified that they were having lunch together at a restaurant in Clinton, Louisiana, at the time which the testimony of the prosecution witnesses placed the defendant at the bank's drive-in window, i.e., between 1:00 p.m. and 1:15 p.m.

ASSIGNMENT OF ERROR
In his only assignment of error, defendant contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt. The standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. See La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). We note that, in order to challenge a conviction on the basis of insufficiency of the evidence, the defendant should have proceeded by way of a motion for post-verdict judgment of acquittal. See La.C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error.
LSA-R.S. 14:72 provides:
Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery.
Whoever commits the crime of forgery shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both.
In the instant case, Mr. Greaff testified that he was informed by the bank officer, Ms. Cutrer, that: (1) the person attempting to cash his check was driving a brown pickup truck; (2) the check was made out to Duncan's Auto Repair; and (3) the check was endorsed in the name of Joda Duncan. Therefore, when Mr. Greaff gave his approval to cash the check, he did so because he thought that Mr. Duncan, who also drove a brown pickup truck was cashing the check in return for repair work which Mr. Duncan had performed on his boat.
Mr. Greaff testified that he did not give the defendant one of his blank checks. He also testified that the defendant did not have his permission to make out, sign, or cash a check drawn on his account. Although Mr. Greaff gave the bank employees his approval to cash the check, an act which may have released the bank of its liability, this approval did not relieve the defendant of his criminal liability for committing this act of forgery.
Ms. Ferguson positively identified the defendant as being the person who cashed this particular check. She testified that he endorsed the back of the check when cashing it. The name Glenn DeLatte appears as an endorsement on the back of the check. Additionally, after the defendant was arrested, Ms. Ferguson identified him in a photo lineup.
Robert Foley, a handwriting analysis expert, testified that he had examined the writing on the check and handwriting exemplars submitted by the defendant. He testified that his analysis of the defendant's known handwriting and the writing on the check led him to conclude that the defendant had written the information on the check and forged the signatures of Mr. Greaff and Mr. Duncan.
*1070 As stated earlier, defendant took the stand and testified that he did not steal a blank check from Mr. Greaff, fill out the information, forge the signatures, and cash it. Additionally, both the defendant and Ms. Morales testified that they were eating lunch together during the time period in which the testimony of the bank employees placed the defendant at the Bank of Commerce drive-in window. However, the guilty verdict returned in this case indicates that the jury accepted the testimony of the prosecution witness while rejecting the testimony of the defendant and Ms. Morales. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31 (La.App. 1st Cir.1984). When there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, this is a matter of the weight of the evidence, not its sufficiency. State v. Mullins, 464 So.2d 459, 463 (La. App. 1st Cir.1985).
After a careful review of the record, we hold that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that the state proved the essential elements of the crime of forgery beyond a reasonable doubt.
This assignment of error is without merit.

PATENT SENTENCING ERROR
At the sentencing hearing, the trial court ordered the defendant to pay restitution to Mr. Greaff in the amount of the check, $765.50. However, La.C.Cr.P. art. 895 authorizes restitution as a condition of probation only when the trial court suspends the execution of sentence. State v. Savoie, 448 So.2d 129, 137 (La.App. 1st Cir.), writ denied, 449 So.2d 1345 (La.1984). Because there was no suspension of sentence in this case, this portion of the defendant's sentence is illegal; and we vacate that condition of the defendant's sentence.
For the reasons stated, the conviction is affirmed. Further, that portion of the defendant's sentence requiring restitution is vacated; and the remainder of the sentence is affirmed.
CONVICTION AFFIRMED; SENTENCE VACATED IN PART, AND AFFIRMED AS VACATED.
NOTES
[1] The original bill of information charged the defendant with three counts of forgery. On the day of trial, the prosecutor amended the bill of information by dropping two counts of forgery. The court minutes do not indicate that the defendant was rearraigned after the prosecutor amended the bill of information. Nevertheless, failure to rearraign the defendant was waived, since he did not object before trial. La.C.Cr.P. art. 555.