STOKER, Judge.
Defendant, William Green, appeals his sentences on convictions for first and second offense DWI, violations of LSA-R.S. 14:98, resisting an officer by flight, a violation of LSA-R.S. 14:108, and contempt of court for failure to appear.
FACTS
Defendant was arrested and charged with first offense DWI on February 23, 1986. Defendant was referred to the indigent defender board and released on bond. Defendant subsequently failed to appear for trial and a bench warrant was issued for defendant’s arrest.
On April 20,1987 defendant was arrested for second offense DWI and incarcerated. In addition to the original first offense DWI charge, defendant was charged with running a stop sign,. speeding, second offense DWI, driving with a suspended license and resisting an officer by flight, all committed on April 20, 1987.
On February 16,1988 defendant was convicted of first offense DWI and apparently was sentenced to six months in the parish prison, suspended conditionally upon payment of a $500 fine. This proceeding has not been included in the record on appeal but is set forth in defendant’s brief.
Defendant was convicted on April 18, 1988 of second offense DWI and resisting an officer by flight. Defendant was sentenced to six months in the parish prison and a $500 fine, plus costs on both convictions, the sentences to run consecutively. Defendant was also held to be in contempt of court for failure to appear on February 23,1986 and sentenced to six months in the parish prison, to run concurrently with the six-month sentence for resisting an officer.
Defendant appeals his sentences contending they are excessive.
FIRST OFFENSE DWI
Defendant contends in brief that his sentence for first offense DWI is illegal because, although he is indigent, he received a suspended sentence conditioned on payment of a $500 fine. This assignment of error was not specifically reserved in defendant’s motion for appeal. Moreover, defendant’s appeals were filed in trial court cases Nos. 86-0830 and 86-0828. The first offense DWI conviction was case No. 86-0839. Therefore, this assignment of error was not properly or timely filed and we cannot consider it. LSA-C.Cr.P. art. 844.
SECOND OFFENSE DWI, FLIGHT FROM AN OFFICER AND CONTEMPT OF COURT
Defendant contends the trial court erred in sentencing him to a total of one year in the parish prison, plus $1,000 in fines for second offense DWI and resisting an officer by flight. Credit for prior time served was not specifically included in the sentences. Defendant was incarcerated from April 20, 1987 until his trial for first offense DWI on February 16,1988,[1] apparently because he was unable to post a bond on the charges of second offense DWI and resisting an officer by flight.
LSA-C.Cr.P. art. 880 states:
“Art. 880. Credit for prior custody
*350 “The court, when it imposes sentence, shall give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence.”
The word “shall” mandates a credit for time served while the case is pending. Therefore, the judgment of the trial court must be amended to grant defendant credit for any time served between April 20,1987 and February 16, 1988 which was not credited toward defendant’s sentence for first offense DWI, trial court docket No. 86-0839. The case will therefore be remanded to the trial court for a determination of the amount of credit to which defendant is entitled in trial court docket Nos. 86-0828 and 86-0830. LSA-C.Cr.P. arts. 880, 882; State ex rel Hudgens v. State, 28th J.D.C., 368 So.2d 135 (La.1979); State ex rel Johnson v. Henderson, 303 So.2d 741 (La.1974). (In the brief filed on behalf of defendant it is asserted that defendant has been incarcerated in the parish jail since April 20, 1987. It is possible that the defendant has served his time and has been released. If this is so, then the question of credit for time served is moot and the trial court will have nothing to determine on remand.)
Defendant also contends his sentence is excessive because the charges of second offense DWI and resisting an officer arose from the same occurrence. The crimes of second offense DWI and resisting an officer are two separate offenses which may be joined together in the same bill of information and tried together since they arose from the same transaction and require the same mode of trial. LSA-C. Cr.P. art. 493. Since they are separate offenses, they require separate penalties on conviction. Defendant has cited no authority for the proposition that the sentences awarded should be less severe because the two offenses arose from the same occurrence, and we find none.
Defendant received the maximum sentence for resisting an officer and near the maximum sentence for second offense DWI. The trial court found that defendant has an extensive criminal record, including a prior felony, two first offense DWIs in Louisiana and a prior DWI in California. Had defendant been charged and convicted of third offense DWI, he could have been adjudged a second felony offender. Under the circumstances, sentencing defendant to the upper ranges of the sentencing scales for these two misdemeanor crimes is not a manifest abuse of the trial court’s sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979).
DECREE
For the reasons given, the sentences are affirmed. The case is remanded in order to credit defendant for any prior time served on his convictions for second offense DWI and resisting an officer, in accordance with LSA-C.Cr.P. art. 880, which was not credited to defendant’s first offense DWI conviction.
AFFIRMED AND REMANDED.

. In his brief, defendant contends he is entitled to credit for time served from April 20, 1987 until April 18, 1988, the time of his second trial. However, the time served by defendant from February 16, 1988 until April 18, 1988 was under his sentence for first offense DWI and therefore cannot be applied in credit to his other sentences.