*480 Granted in part; denied in part. The restrictions placed by R.S. 15:574.4(A) on parole eligibility for multiple offenders serve the same general deterrent purposes as the enhanced sentencing provisions of La.R.S. 15:529.1, and the limits placed on the authority of the trial judge to suspend sentence by La.C.Cr.P. art. 893. Multiple convictions entered on the same day should constitute only one offense for purposes of determining a defendant’s multiple offender status, and eligibility for suspended sentence and parole. See, State v. Wimberly, 414 So.2d 666 (La.1982); State v. Schamburge, 344 So.2d 997 (La.1977); State ex rel. Jackson v. Henderson, 283 So.2d 210 (La.1973). The defendant in this case is therefore only a second, not a third offender, for purposes of La.R.S. 15:574.4(A), and he remains eligible for parole after serving one-half of his term of imprisonment. Accordingly, the defendant’s sentence is amended to delete the word “parole” from the restriction that he serve his sentence without benefit of probation, parole or suspension of sentence. In all other respects, the writ is denied.
LEMMON, J., would grant and docket for argument.
MARCUS and COLE, JJ., dissent with reasons.