590 So.2d 1298 (1991)
STATE of Louisiana
v.
Sidney BARNES. (Two Cases)
Nos. KA 90 1713, KA 90 1714.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
*1299 Washington Parish Dist. Atty., Franklinton, for plaintiff State of La.
James Looney, Covington, for defendant-appellant Sidney Barnes.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
COVINGTON, Chief Judge.
The defendant, Sidney Barnes, was charged by bill of information with aggravated battery, in violation of LSA-R.S. 14:34. He pled not guilty[1], and after trial by jury, was found guilty as charged. Subsequently the defendant was adjudicated a second felony habitual offender. He received a sentence of twelve years at hard labor, without benefit of parole, probation, or suspension of sentence[2]. The defendant appealed, alleging two assignments of error[3] as follows:
1. The evidence was insufficient to support the instant conviction.
2. The trial court erred in imposing an excessive sentence by denying the defendant parole eligibility.
At approximately 3:00 p.m. on June 14, 1988, the defendant, Sidney Barnes, struck the victim, Dwight Pearson, in the back and shoulder with the flat portion or handle of an axe. At the time, both men were inmates at the Washington Correctional Institute in Angie, Louisiana. The fight erupted as a group of inmates began "headlining," or lining up to come in from that day's work in the field. The fight was quickly halted by correctional officers supervising this work detail.
At the trial, Dwight Pearson testified that the defendant started this fight. When it was time for the inmates to return to the prison dormitory, the guards called for a headline. According to Pearson, Barnes suddenly charged him from behind and struck him in the back with an axe. Although the victim dropped his tool and fell to his knees, the defendant continued swinging at the victim with his axe until the fight was stopped by correctional officers. *1300 Pearson testified that he was struck only one time with the axe. Finally, he testified that he never threatened Barnes with bodily injury at any time before this attack occurred.
Roy Beall, a correctional officer who was one of four gun guards on the day this fight occurred, testified that he did not see the beginning of the fight. However, he observed the defendant strike the victim with an axe. He immediately fired a warning shot and he testified that another gun guard, Sgt. Aaron Maddox, also fired a warning shot.
Troy Breland and Jay Bertoniere, the two correctional officers acting as "pushers," i.e., field foremen, testified that they broke up the fight soon after it began. Neither man saw the beginning of the fight. However, Sgt. Breland testified that the first thing he noticed was "kind of a running motion." He testified that he believed this motion to be the defendant running after the victim.
Judith Phelps, the field emergency medical technician at Washington Correctional Institute, treated Pearson's injuries. She testified that the victim's right shoulder and back were severely swollen, but there was no bleeding.
The defendant did not testify at the trial. However, the only defense witness, Alfred Dubois, who was also an inmate at Washington Correctional Institute at the time of the incident, testified that he observed the fight from its beginning. According to Mr. Dubois, the victim began the fight by raising his swingblade in an attempt to strike the defendant. However, Barnes saw Pearson raising the swingblade and managed to strike the first blow with his axe. The victim dropped his swingblade and fell to the ground. On cross-examination, Mr. Dubois testified that Barnes struck Pearson with the axe two more times while the victim was crawling on the ground. However, Mr. Dubois explained that the defendant kept striking Pearson because the victim was crawling on the ground and attempting to pick up the swingblade.

ASSIGNMENT OF ERROR NO. ONE
In this assignment of error, the defendant contends that the evidence was insufficient to support the instant conviction. We note that, in order to challenge this conviction on the basis of insufficiency of the evidence, the defendant should have proceeded by way of a motion for post-verdict judgment of acquittal. See, La. C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. See, State v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La. 1987).
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See, La.C.Cr.P. art. 821; State v. King, 563 So.2d 449, 456 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La.1990).
As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d at 38.
The fact that the defendant struck the victim in the back with an axe is not in doubt. The only issue in this case is whether the defendant acted in self-defense. In a homicide case, the State must prove, beyond a reasonable doubt, that the homicide was not perpetrated in self-defense. State v. Spears, 504 So.2d 974, 978 (La.App. 1st Cir.), writ denied, 507 So.2d 225 (La.1987). However, Louisiana law is unclear as to who has the burden of proving self-defense in a non-homicide case, and what the burden is. In State v. Freeman, 427 So.2d 1161, 1163 (La.1983), the Louisiana *1301 Supreme Court indicated, in dicta, that the defendant in a non-homicide case may have the burden of proving self-defense by a preponderance of the evidence, without resolving the issue[4]. In previous cases dealing with this issue, this Court has analyzed the evidence under both standards. See, State v. Navarre, 498 So.2d 249, 252-253 (La.App. 1st Cir.1986); State v. Aldridge, 450 So.2d 1057, 1059-1060 (La.App. 1st Cir.1984)[5].
In his brief to this Court, the defendant recognizes these two different levels of proof for self-defense, depending on whether the state or the defendant bears the burden of proof, and concludes that, under either standard, the evidence was insufficient. We disagree. The defendant's conviction of aggravated battery resulted solely from the jury's determination of the credibility of the witnesses; therefore, the matter is one of the weight of the evidence, not its sufficiency. The victim's testimony, which was corroborated to some extent by the testimony of the other State witnesses, established that Barnes was the aggressor and initiated the incident by attacking Pearson from behind with an axe. If believed, this testimony was sufficient to convict, regardless of who had the burden of proving or disproving self-defense. On the other hand, the testimony of Mr. Dubois, the only defense witness, established that the victim initiated the incident by attempting to strike the defendant with a swingblade. If Mr. Dubois' testimony were accepted as true, self-defense would have been clearly established (regardless of who had the burden of proof or of the level of proof required) and the evidence would be insufficient. Nevertheless, the instant guilty verdict indicates that the jurors accepted the testimony of the State's witnesses and rejected the testimony of the defense witness. On appeal, this Court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Creel, 540 So.2d 511, 514 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989).
After a careful review of the record, we conclude that, viewing the evidence in the light most favorable to the prosecution, regardless of who had the burden of proof on the issue of self-defense, a rational trier of fact could have concluded that the defendant did not act in self-defense and that the State proved the offense of aggravated battery beyond a reasonable doubt.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NO. TWO
In this assignment of error, the defendant contends that the trial court imposed an excessive sentence by denying parole eligibility.
The defendant was convicted of aggravated battery. Thereafter, he was adjudicated a second felony habitual offender. The trial court imposed a consecutive sentence of twelve years at hard labor, without benefit of parole, probation, or suspension of sentence. Clearly, the defendant was ineligible for probation or suspension of sentence. See, LSA-R.S. 15:529.1 G. See also, La.C.Cr.P. art. 893 A. However, neither LSA-R.S. 14:34 nor LSA-R.S. 15:529.1 provided for the denial of parole eligibility. Upon conviction of a second felony offense, a person otherwise eligible for parole shall be eligible for parole consideration upon serving one-half of the sentence imposed. LSA-R.S. 15:574.4 A(1). Accordingly, we find that the trial court erred in denying parole eligibility.
Citing State v. Westmoreland, 559 So.2d 479 (La.1990), the defendant requests only that the sentence be amended by deleting the erroneous parole ineligibility requirement. In its brief to this Court, the State *1302 concurs that the parole ineligibility requirement is erroneous and also suggests that the sentence should be amended accordingly. Therefore, the instant sentence is amended to provide that the defendant shall become eligible for parole consideration upon serving one-half of his sentence for the aggravated battery conviction. Resentencing is not required. However, the case is remanded to the district court for correction of the sentencing minutes and order of commitment.

CREDIT FOR TIME SERVED
We note that, at sentencing, the trial court did not give the defendant credit for time served. See, La.C.Cr.P. art. 880; State v. Greer, 572 So.2d 1166, 1172 (La. App. 1st Cir.1990). Nevertheless, for the reasons which follow, we conclude that the trial court did not err on this basis. Generally, credit for time spent while serving a sentence under a conviction in one jurisdiction will not be allowed against a sentence upon another conviction in a different jurisdiction. See, State ex rel. George v. Hunt, 327 So.2d 375, 377 (La.1976). In the instant case, however, both of the defendant's convictions were from the same jurisdiction, Washington Parish. Nevertheless, we find that, in determining whether a defendant should receive credit for time served for multiple convictions, the circumstances of the convictions should be controlling, not merely the jurisdiction where the offenses were committed. For instance, a defendant convicted of two separate armed robberies in different jurisdictions might be entitled to credit for time served in connection with both convictions, especially if he was arrested for both offenses at the same time. See, State ex rel. Johnson v. Henderson, 303 So.2d 741, 742 (La.1974). On the other hand, where two completely separate offenses are committed in the same jurisdiction and the defendant's incarceration periods for these two offenses overlap, he may not be entitled to credit for time served on both convictions as regarding this overlapping jail time. See, State v. Green, 546 So.2d 348, 349 n. 1 (La.App. 3d Cir.1989). In this case, the defendant committed an aggravated battery while serving a ten year prison sentence for a totally unrelated armed robbery conviction. Therefore, we find that the defendant was not entitled to credit for time served while awaiting trial on the instant offense, as he was already in prison due to this 1987 armed robbery conviction.
For the foregoing reasons, defendant's conviction is affirmed; his sentence is amended and affirmed as amended; the case is remanded for correction of sentencing minutes and order of commitment.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED; REMANDED FOR CORRECTION OF SENTENCING MINUTES AND ORDER OF COMMITMENT.
NOTES
[1] Although the defendant apparently entered a plea of not guilty to the instant offense, the extract of minutes in this record does not include the defendant's arraignment. Nevertheless, the defendant does not allege, nor do we find, any prejudice. In any event, even if the defendant was never arraigned, such failure was waived, since the defendant did not object before the trial. See, La.C.Cr.P. art. 555; State v. Delatte, 504 So.2d 1067, 1068 n. 1 (La.App. 1st Cir.1987).
[2] The trial court did not wait twenty-four hours after the denial of the defendant's motion for new trial before imposing sentence, as required by La.C.Cr.P. art. 873; and there was no waiver of this requirement by the defendant. Yet, the defendant does not argue or in any way show that he was actually prejudiced by the failure of the trial court to observe this waiting period. Such failure on the part of the trial court is harmless error where the defendant does not show actual prejudice. State v. Mason, 447 So.2d 1134, 1139 (La.App. 1st Cir.1984).
[3] Additionally, in his brief to this Court, although not an assignment of error, the defendant has made a request for patent error review. This Court routinely reviews the record for errors patent, regardless of whether such a request is made by a defendant. Under La.C.Cr.P. art 920(2), we are limited in our patent error review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record in these proceedings, we have found no reversible patent errors other than the error addressed under Assignment of Error No. 2 regarding parole eligibility.
[4] Subsequently, our brethren in some of the other circuits have expressly held in accordance with the dicta in Freeman; see, State v. Barnes, 491 So.2d 42, 47 (La.App. 5th Cir.1986); State v. Perkins, 527 So.2d 48, 50 (La.App. 3d Cir.1988); State v. Mason, 499 So.2d 551, 555 (La.App. 2d Cir.1986).
[5] Other courts have also utilized this approach and analyzed the evidence under both standards. See, State v. Martin, 520 So.2d 1079, 1080 (La.App. 3d Cir.1987); State v. Agnelly, 515 So.2d 821, 823 (La.App. 5th Cir.1987); State v. Zeno, 469 So.2d 337, 340 (La.App. 2d Cir.), writ denied, 474 So.2d 1303 (La.1985).