786 So.2d 228 (2001)
STATE of Louisiana, Appellee,
v.
Patrice A. YOUNG, Appellant.
No. 34,534-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2001.
*229 Sheva Sims, Michael Craig, Indigent Defender Board, Peggy L. Sullivan, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Carl Ekendahl, Assistant District Attorney, Counsel for Appellee.
Before NORRIS, BROWN and GASKINS, JJ.
BROWN, J.,
Defendant, Patrice A. Young, entered into a plea bargain in which the state agreed to dismiss one charge of distribution of cocaine and reduce two other charges of distribution of cocaine to attempted distribution of cocaine in exchange for defendant's guilty plea to the reduced charges. The district court imposed concurrent mid-range sentences of eight years at hard labor on each count and denied a timely motion for reconsideration. We find no merit to defendant's claim that her sentence is excessive and affirm.

Discussion
Defendant sold cocaine to undercover police officers on three occasions. The first sale involved $45 of crack cocaine on December 3, 1998. The second transaction involved $135 of crack cocaine on March 2, 1999. The third sale was for $160 of powder cocaine on March 24, 1999. Each sale occurred at different locations in Bossier Parish where defendant was living at the time. Laboratory analysis confirmed the identities of each substance involved.
When a defendant's motion for reconsideration urges merely that the sentence is excessive, she is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
Prior to imposing sentence, the district court reviewed a PSI report and considered the facts of the case which showed that defendant actually made sales of CDS. The court noted that defendant's plea bargain obtained dismissal of one charge. The court found that defendant did not accept responsibility for her behavior.[1] *230 Her criminal record included convictions for disturbing the peace, driving under revocation, possession of marijuana and attempted possession of cocaine (bargained down from possession). Following that conviction, defendant was placed on probation but it was revoked. Her record thereafter included two more charges of disturbing the peace and a simple battery. She was wanted on two misdemeanor warrants at the time of sentencing. Defendant was 33 years old, had a 10-year-old daughter and had been employed. She had completed two years of college.
The court noted that defendant had made three separate sales to two undercover officers. The court found that a lesser sentence would deprecate the seriousness of the offense. The court further determined defendant was in need of treatment which would best be provided in a custodial environment.
On this record, we do not find constitutional error. The sentence is neither excessive nor disproportionate, particularly in light of the defendant's previous criminal record, her failure to accept responsibility, and her apparent need for custodial treatment. Her mid-range sentence is quite generous since she received a substantial benefit from her plea bargain, inasmuch as the offenses of conviction do not adequately describe her criminal conduct. State v. Wills, 32,073 (La.App.2d Cir.06/16/99), 740 So.2d 741; State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430. The assigned error is without merit.
Defendant complains that the sentencing court did not give her credit for time served. The 1997 amendment to La. C.Cr.P. art. 880 is designed to make credit for prior custody self-operating even on a silent record. Thus, there is no need for the sentencing court to reference credit for time served. State v. Ignot, 29,745 (La. App.2d Cir.09/24/97), 701 So.2d 1001, writ denied, 99-0336 (La.06/18/99), 745 So.2d 618.
We have examined the record for error patent but found none.

Conclusion
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] In a written statement, included in the PSI report, defendant admits to being a "user" with a "very steep habit." In order to supply her habit, she admits to selling drugs.