h Judge MIRIAM G. WALTZER.
STATEMENT OF CASE
Defendant Carl Stewart, Jr., was charged by bill of information with one count of distribution of cocaine in violation of La. R.S. 40:967 to which he pleaded not guilty. Following trial, on 4 December 2000, a twelve-person jury found the defendant guilty of the responsive verdict of attempted distribution of cocaine. On 12 February 2001, the trial judge sentenced the defendant under the provisions of LSA-R.S. 15:674.5, the About Face Program in Orleans Parish Prison, to serve seven years at hard labor, with credit for time served, but without benefit of probation, parole, or suspension of sentence. The trial judge ordered defendant to complete successfully two conditions of the About Face program: obtaining a G.E.D. and substance abuse counseling. The trial judge at sentencing said that he would reconsider the sentence of seven years at *122 hard labor following defendant’s successful completion of the program.
STATEMENT OF FACT
Sergeant Michael Glasser, a twenty-year veteran of the New Orleans Police Department, currently serving as commander of the First District narcotics Squad, testified that on 26 September 2000 he was participating in an undercover | ¡.operation with Lieutenant Tammy Guerrera. The officers had serial recorded currency they could use in a narcotics purchase should they come across someone wanting to sell narcotics to them. They had targeted the area near the Rainbow and T.I.R.C. Hotels at the intersection of North Prieur and St. Ann Streets. Defendant was on the corner and, without any suggestion or provocation from Sergeant Glasser or Lieutenant Guerrera, waved to the officers. Sergeant Glasser pulled to the side, defendant came to the side window and asked, “What do you need?” Sergeant Glasser told him they were looking for $20 of crack cocaine. Defendant said, “Let me get in. I know where to get it.” Lieutenant Guerrera climbed into the back seat and the officers allowed defendant to sit in the passenger side. At defendant’s direction, they drove on Orleans Avenue and pulled into the parking lot behind the Dooky Chase restaurant. Defendant got out of the car, accepted $20 from Lieutenant Guerrera, and gave his cellular phone to the officers as “collateral” that he would return. Defendant walked into the Lafitte housing project, stayed for perhaps two minutes, and returned to the officers’ car. He got into the car and directed Sergeant Glasser to drive on Orleans Avenue, turn right on North Rocheblave Street, turn right on Saint Ann street, and pull over. At that time, defendant handed Sergeant Glasser a single piece of crack cocaine and Sergeant Glasser returned the cellular phone to defendant. Defendant got out of the car and walked on North Rocheblave Street towards Orleans Avenue. Sergeant Glasser then radioed surrounding officers that he and Lieutenant Guerrera had purchased crack cocaine from defendant, and gave the support units a description of defendant and his clothing.
| oThe officers drove to the corner of Tonti Street and Lafitte Street where Detective Amos was holding defendant, having captured him in a courtyard of the Lafitte project. He was certain of his identification.
Sergeant Glasser identified the piece of crack cocaine by its police identification number, 1-46827, identified the cellular phone and identified the defendant in open court. The officers were unable to recover the marked $20 bill.
Lieutenant Guerrera corroborated Sergeant Glasser’s testimony and identified defendant in open court.
Detective Marc Amos testified that on 26 September 2000 he was assigned to a take-down unit for the undercover narcotics officers. Sergeant Glasser advised him of the crack cocaine purchase. Detective Amos saw Sergeant Glasser’s parked undercover car and saw defendant leave the vehicle, walk away and walk back. Sergeant Glasser radioed later that the narcotics purchase was completed, and another team moved into the area to stop the seller. Defendant ran into the Lafitte project as Detective Amos approached. The detective cut across Galvez Street to Lafitte in case defendant ran out at the intersection of Tonti Courtyard and Lafitte Street. In fact, defendant did emerge, whereupon Detective Amos stopped his car and got out with his partner, Chris Martin. Two other officers were chasing defendant. Detective Amos’ partner identified himself as a police officer, grabbed defendant by his shirt, defendant struggled and hit Officer Martin with a closed fist. After a *123 struggle, the officers were able to subdue defendant. He was present and witnessed Sergeant Glasser and Lieutenant Guerrera when they positively identified defendant as the crack cocaine seller. Detective Amos identified defendant in open court as well.
The parties stipulated that 1-46827 tested positive for crack cocaine.
|4Pefendant testified that on the night in question, he left a bar on Orleans Avenue and Prieur Street and “proceeded around the corner to take a urine.” He walked toward a stopped car. One of the car’s two occupants asked if he had any cocaine. He replied that he did not, but that he knew where to get it. He got in the car and directed the officers to Dooky Chase, got out, went into the project and made a transaction. He came out, brought the narcotics to the occupant of the car, got in the car and got out on St. Ann Street and started to walk off. Another car pulled up behind him. Defendant testified, “And me being high I just broke out running.”
Defendant admitted having used the officer’s money to buy the cocaine.
ERRORS PATENT
There was an error in the defendant’s sentence that is discussed in connection with defendant’s second assignment of error.
FIRST ASSIGNMENT OF ERROR: The evidence, presented in the light most favorable to the prosecution, supports reversal on the grounds of entrapment.
In State v. Brand, 520 So.2d 114, 117 (La.1988), the Supreme Court discussed the defense of entrapment:
Entrapment is a defense which arises when law enforcement officials or an undercover agent acting in cooperation with such an official, for the purpose of obtaining evidence of a crime, originates [sic] the idea of the crime and then induces another person to engage in conduct constituting the crime, when the other person is not otherwise disposed to do so....
Entrapment is an affirmative defense. Thus, the burden was on the defendant to prove entrapment by a | .^preponderance of the evidence. The question ... is one for the jury.
In State v. Long, 97-2434 pp. 10-11 (La.App. 4 Cir. 8/25/99), 744 So.2d 143, 150-51, this Court held:
Contentions of entrapment are reviewed on appeal pursuant to the sufficiency of evidence standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Hardy, 98-25, p. 9 (La.App. 5 Cir. 5/13/98), 715 So.2d 466, 471. A reviewing court must first determine whether the defendant proved by a preponderance of the evidence that he was induced to commit the crime. Id. If the court finds that defendant carried his burden of proof, the next inquiry is whether the state adduced evidence of the defendant’s predisposition to commit the crimes such that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that it was the defendant’s predisposition to commit the crime, rather than the state’s inducement which caused the defendant’s conduct.
In the instant case, the defendant stopped the police officers, approached the vehicle asking what was needed, and did not hesitate to offer his services once he knew that the officers wanted drugs. The defendant has not proved by a preponderance of the evidence that he was induced to obtain drugs. Thus, there was no entrapment. This assignment of error is without merit.
*124 SECOND ASSIGNMENT OF ERROR: The sentence imposed without benefit of probation, parole or suspension of sentence was contrary to the law.
The defendant was convicted of attempted distribution of cocaine.
La. R.S. 40:967 B(4)(b) provided at the time of the offense:
Distribution, dispensing, or possession with intent to produce, manufacture, distribute or dispense cocaine or |ficocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule 11(A)(4) of R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence; ... [Emphasis added.]
In the instant case, the trial judge sentenced the defendant to seven years at hard labor without benefit of probation, parole, or suspension of sentence. As the statute read at the time of the offense, the prohibition of parole, probation, and a suspended sentence could be applied only to the first five years of the sentence. Clearly, the sentence was illegal in part. Therefore, we amend the sentence to prohibit parole, probation or suspension for the first five years of the sentence only.
THIRD ASSIGNMENT OF ERROR: The sentence of seven years at hard labor without benefit of probation, parole, or suspension of sentence is unconstitutionally excessive.
Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the needless and purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992).
Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, 424 So.2d 1009 (La.1982).
The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Walker, 96-112 p. 4 (La.App. 3 Cir. 6/5/96), 677 So.2d 532, 534-35, citing State v. Howard, 414 So.2d 1210 (La.1982).
Louisiana courts have affirmed sentences of eight years for two counts of attempted distribution of cocaine, State v. Young, 34,534 (La.App.2 Cir. 5/9/01), 786 So.2d 228, and of seven and one-half years for attempted distribution, State v. Smith, 97-2221 (La.App. 4 Cir. 4/7/99), 734 So.2d 826.
In the instant case, the trial court ordered a pre-sentence investigation prepared on the defendant. The parole officer recommended:
*125 The subject appeared comfortable with the fact that he uses and, sells cocaine. He is sorry only for being caught, not the fact that he is an addict and he makes money by selling crack. He does not admit to the violent act he committed against the officers who were performing their duties. He is anxious only to get out of jail.... Due to his attitude towards drug use, lack of interest in education, and his tendency for violence toward law enforcement, we feel this subject would not follow any court imposed probation conditions. Additionally, we feel that this subject will continue to sell drugs as soon as he is released. Therefore, we feel |sthat an appropriate Department of Corrections sentence is warranted for this case.
The trial judge considered that the defendant had been referred to a diversionary program for a 1996 arrest for possession of cocaine. The trial court also considered the defendant’s other previous arrests for battery, disturbing the peace, criminal trespass, and public drunkenness, and it also considered the fact that this was the defendant’s first felony conviction. The trial judge ordered the defendant to participate in the About Face Program of Orleans Parish Prison and told the defendant that if he obtained a GED and successfully completed a substance abuse program that he would then reconsider his sentence.
In light of the facts of record, the defendant failed to prove the trial judge abused the liberal discretion allowed in sentencing. This assignment of error is without merit.
CONCLUSION AND DECREE
We affirm the defendant’s conviction. We amend his sentence deleting the prohibition of parole, probation, or suspension of sentence eligibility for the last two years of his sentence.
CONVICTION AFFIRMED. SENTENCE AMENDED.