648 So.2d 945 (1994)
STATE of Louisiana
v.
Elmer RICHARDSON.
No. 92-KA-836.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1994.
*946 John Mamoulides, Dist. Atty., Dorothy Pendergast, Ronald J. Bodenheimer, Asst. Dist. Attys., Parish of Jefferson, Gretna, for plaintiff, appellee.
Arthur Harris, New Orleans, for defendant, appellant.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
The defendant, Elmer Richardson, was convicted on two counts of attempted manslaughter and sentenced to serve seven years at hard labor, of which five years were suspended, while the remaining two were to be served without benefit of parole, probation or suspension of sentence. The defendant was also placed on active probation for five years which would begin upon his release from incarceration. He appealed his conviction and sentence to this Court, raising three assignments of error, including the denial of a special requested jury charge on self-defense. This Court affirmed the defendant's conviction and amended his sentence by deleting the restriction on parole, probation and suspension of sentence on the two year imprisonment portion of the sentence, and by giving the defendant credit for time served. See State v. Richardson, 616 So.2d 225 (La. App. 5 Cir.1993). In affirming the conviction, this Court found that the issue concerning the denial of the charge on self-defense had not been perfected for review and, therefore, did not address the issue.
The defendant filed a writ application with the Louisiana Supreme Court and the Court granted the writ in part and remanded the matter to this Court for supplementation or reconstruction of the record, and reconsideration of the defendant's assignment of error relating to the trial court's denial of his special requested jury charge on self-defense. See State v. Richardson, 629 So.2d *947 342 (La.1993). The record has been reconstructed and this Court will now consider defendant's argument.
The defendant contends that the trial court erred by rejecting his requested jury charge on self-defense, pursuant to LSA-R.S. 14:19, in favor of the court's own charge on justifiable homicide, pursuant to LSA-R.S. 14:20.
A requested special charge shall be given by the court if it does not require qualification, limitation or explanation and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge which is given. LSA-C.Cr.P. art. 807; State v. Smith, 414 So.2d 1237 (La.1982). If the requested charge does not conform to the statutory requirements, it need not be given by the court. State v. Nuccio, 454 So.2d 93 (La.1984). The refusal to give a requested special charge does not warrant reversal of a defendant's conviction unless it prejudices substantial rights of the accused. LSA-C.Cr.P. art. 921; State v. Marse, 365 So.2d 1319 (La.1978).
The defendant's requested charge reads as follows:
In order to maintain a plea of self-defense, the evidence must show an actual attack or overt act by the victim or alleged victim to afford a reasonable ground for the defendant to believe the victim or intended victim would kill him or cause him great bodily harm. The right of self-defense does not depend upon the reality or imminence of the danger apprehended; and that, if an accused is mistaken as to the actual danger, his action will still be excusable under the law if he honestly believes he in (sic) danger of being killed or receiving great bodily harm. State v. Williams, 129 La. 795, 56 So. 891 (1911).
LSA-R.S. 14:19 establishes the standard to be applied in determining whether the use of force or violence on the person of another is justified when such force or violence does not result in death:
The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.
Thus, the defense of self-defense in a non-homicide situation requires a dual inquiry: an objective inquiry into whether the force used was reasonable under the circumstances, and a subjective inquiry into whether the force was apparently necessary. State v. Freeman, 427 So.2d 1161 (La.1983).
In contrast, when such force or violence results in a homicide, the standard as set forth in LSA-R.S. 14:20 is applicable:
A homicide is justifiable:
(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger.
Under this standard the use of force is justified in self-defense only if the person reasonably believed (objective) that he was in imminent danger of losing his life or receiving great bodily harm and that deadly force was necessary to save himself. State v. Guinn, 319 So.2d 407 (La.1975).
Defendant's requested charge, based on the facts of this particular case, does not conform to either LSA-R.S. 14:19 or 14:20. Therefore, the trial court did not err in refusing to give the charge.
The trial court charged the jury as follows:
The homicide or attempted homicide is justified if committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing or attempted killing is necessary to save himself from that danger. The danger need not be real as long as the defendant had a reasonable belief that the killing or attempted killing was necessary.
*948 We note that the charge given by the trial court is not wholly correct because it is based on the standard applicable when a homicide results. However, we believe this error to be harmless.
In State v. Cage, 583 So.2d 1125 (La. 1991), cert. denied, 502 U.S. 874, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991), the Louisiana Supreme Court stated that an improper jury instruction is a trial error and is subject to a harmless error analysis. We are mindful that the United States Supreme Court held that an erroneous jury instruction on reasonable doubt is not subject to harmless error. See Sullivan v. Louisiana, ___ U.S. ___, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). Nonetheless, we do not believe that the reasoning and analysis used by the Sullivan court are applicable in this instance. In Sullivan, the court held that a constitutionally deficient reasonable doubt instruction vitiates the jury's findings and will always result in the absence of an appropriate "beyond a reasonable doubt" jury finding. Such a structural defect in the trial mechanism is not subject to a harmless error.
However, the erroneous instruction in the instant case concerned self-defense, and the existence of self-defense merely presents exculpatory circumstances which defeat culpability without negating the state's proof beyond a reasonable doubt of all the essential elements of the offense. See State v. Barnes, 491 So.2d 42 (La.App. 5 Cir.1986). As such the instruction is subject to a harmless error analysis.
The proper analysis for determining harmless error as stated by the Supreme Court is, "not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in the instant trial was surely unattributable to the error". Sullivan v. Louisiana, supra. ___ U.S. at ___, 113 S.Ct. at 2081; State v. Code, 627 So.2d 1373 (La.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1870, 128 L.Ed.2d 491 (1994).
In the instant case the evidence overwhelmingly established that the defendant fired upon police officers as they attempted to enter the building to execute a search warrant, thereby negating any claim of self-defense. Therefore, we do not find that the defendant's conviction was attributable to the erroneous instruction. Thus, we find the erroneous instruction to be harmless error.
The conviction and sentence are affirmed.
AFFIRMED.