NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-0891


STATE OF LOUISIANA

VERSUS

DAVID STAPLETON


************

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 07CR169
HONORABLE WARREN D. WILLETT, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and David E. Chatelain,*
Judges.

**AFFIRMED.**


**James D. White**
**Assistant District Attorney**
**Thirty-Fifth Judicial District**
**P. O. Box 309**
**Colfax, LA 71417**
**(318) 627-3205**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**


*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

**Mark O. Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **David Stapleton**


**David L. Stapleton**
**Louisiana Department of Corrections #239476**
**River Bend Detention Center, Phase 2**
**9450 Highway 65 South**
**Lake Providence, LA 71254**
*Pro Se*

PETERS, J.

The defendant, David Stapleton, appeals the sentence imposed for his conviction for driving while intoxicated, fourth offense, in violation of La.R.S. 14:98. After his conviction by a jury, the trial court sentenced him to serve thirty years at hard labor and to pay a fine of $5,000.00.[1] For the following reasons, we affirm the sentence in all respects.

The defendant has asserted two assignments of error through his counsel, as well as three *pro se* assignments of error. Through his counsel, the defendant asserts that:

> 1. The trial court erred in sentencing Mr. Stapleton to the maximum sentence of 30 years imprisonment, without complying with the requirements of La.C.Cr.P. Art. 894.1.
>
> 2. The maximum, 30-year sentence imposed by the trial court was cruel, unusual and excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974.

In his *pro se* brief, the defendant asserts that: 1) the state did not offer the defendant a plea bargain and recommended that he receive the maximum sentence; 2) the minutes inaccurately reflect the judge presiding over the matter; and 3) the conviction from 1993 cannot be used as a predicate offense.

### Assignment of Error Filed by the Defendant's Counsel

The incarceration sentencing range for driving while intoxicated, fourth offense, is ten to thirty years at hard labor.[2] La.R.S. 14:98(E). The defendant asserts in his first assignment of error that the trial court erred in sentencing him to the maximum incarceration period without complying with the requirements of La.Code

---

[1]This is actually the second time the matter is before us on appeal. In *State v. Stapleton*, 08-685 (La.App. 3 Cir. 12/10/08), this court, in an unpublished opinion, vacated the defendant's original sentence and remanded the matter to the trial court for resentencing because the defendant was not represented by counsel at the time of sentencing.

[2]The defendant does not contest the imposition of the $5,000.00 fine.

Crim.P. art. 894.1. In his second assignment of error, he asserts that the sentence imposed is cruel, unusual, and excessive. We will consider both of these assignments of error together.

In rejecting both of these assignments of error, we first note that the defendant did not object to the sentence at the time it was imposed or file a motion to reconsider the sentence imposed. That being the case, we find that the defendant has waived his right to have this court review the claim of excessiveness of sentence. *See State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59, and *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356. Therefore, we find no merit in these assignments of error.

### *Pro Se Assignments of Error*

In his *pro se* brief, the defendant complains that prior to his conviction the State of Louisiana (state) had offered him a ten-year sentence in exchange for a guilty plea, but, after his conviction, had recommended to the trial court that he receive the maximum sentence for the offense. He also asserts that the court minutes are inaccurate in that they reflect that Judge Peyton Cunningham presided from April 13, 2007, through January 3, 2008, when, in fact, Judge Allen Krake presided until the last six months of 2008. Finally, he asserts that it was error to use a 1993 conviction for driving while intoxicated, fourth offense.

In considering these arguments, we note that the defendant submits no legal argument to suggest that somehow the state is precluded from recommending a different sentence after conviction from that offered in plea negotiations or that he was somehow prejudiced by the inaccurate court minutes. Furthermore, in the previous unpublished opinion, this court specifically addressed the issue of the 1993

conviction and found no merit in the defendant's argument on this point.  Thus, we find no merit in these assignments of error.

## DISPOSITION

For the foregoing reasons, we affirm the sentence imposed on the defendant, David Stapleton, in all respects.

**AFFIRMED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.**