# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

**12-649**

**STATE OF LOUISIANA**

**VERSUS**

**JAMMICKA GREENE**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 43457
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of James T. Genovese, Shannon J. Gremillion, and John E. Conery, Judges.

**CONVICTION AFFIRMED;
SENTENCE VACATED;
REMANDED FOR RESENTENCING.**

**Annette C. Roach
Louisiana Appellate Project
Post Office Box 1747
Lake Charles, Louisiana 70602-1747
(337) 436-2900
COUNSEL FOR DEFENDANT/APPELLANT:**
        Jammicka Greene

**Michael Harson**
**District Attorney—Fifteenth Judicial District**
**Ted L. Ayo**
**Assistant District Attorney**
**100 North State Street, Suite 215**
**Abbeville, Louisiana  70510**
**(337) 898-4320**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, Defendant, Jammicka Greene, appeals her aggravated battery conviction and sentence, alleging insufficiency of the evidence, erroneous jury instructions, excessive sentence, and ineffective assistance of counsel. For the following reasons, we affirm Defendant's conviction, vacate her sentence, and remand the matter to the trial court for resentencing.

## FACTS AND PROCEDURAL HISTORY

On March 5, 2005, Defendant was involved in a personal dispute with the victim, Sharell Charles. They argued in a parking lot near the victim's apartment in Abbeville, Louisiana, but a mutual acquaintance, Chasity Petry, intervened and broke it. After leaving the apartment complex, the two women met up again and became embroiled in a physical altercation at a nearby intersection. During this altercation, Defendant cut the victim multiple times with a sharp object that was never conclusively identified, which resulted in the victim's hospitalization for approximately one week.

On April 12, 2005, the State charged Defendant with attempted second degree murder, a violation of La.RS. 14:27 and La.R.S. 14:30.1. The case was tried before a jury on August 26, 2009, and the jury convicted Defendant of the lesser-included charge of aggravated battery. On February 8, 2010, the trial court sentenced Defendant to serve six years at hard labor. Defendant did not file a Motion to Reconsider Sentence.

In 2011, Defendant's efforts to obtain an out-of-time appeal were rebuffed by the trial court. She sought appellate review by this court, which dismissed the matter as non-appealable.[1] *State v. Greene*, 12-649 (La.App. 3 Cir. 8/22/12)

---

[1]Defendant was seeking review of a denial of her post-conviction relief application in which she requested an out-of-time appeal.

(unpublished opinion). The supreme court reversed, allowed the appeal, and remanded the matter to this court to address the merits of Defendant's appeal. *State v. Greene*, 12-2027 (La. 3/15/13), 109 So.3d 370.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no actionable errors patent.

## ASSIGNMENTS OF ERROR

Defendant asserts the following assignments of error:

### I.

The evidence introduced at the trial of this case, when viewed under the *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, . . . (1979) standard, was insufficient to prove beyond a reasonable doubt that Jammicka Greene committed either an aggravated battery[] or the charged offense of attempted second degree murder.

### II.

The evidence introduced at the trial of this case, when viewed under the preponderance of the evidence standard, was sufficient to establish that Jammicka Greene acted in defense of herself and/or her unborn child.

### III.

The trial court erred in both its original instructions to the jury and in its re-instructions to the jury[] during deliberations.

### IV.

The trial court failed to sufficiently or correctly consider and weigh the factors set forth in [La.Code Crim.P.] art. 894.1, resulting in the imposition of a sentence which violates the Eighth Amendment of the Constitution of the United States and La.[Const.] Art. I, § 20, as it is nothing more than cruel and unusual punishment and, thus, excessive.

### V.

Trial counsel erred by failing to object to the jury charges with regard to the burden of proof necessary for a claim of self-defense, in

2

failing to object to the re-instructions to the jury[,] and in failing to file a motion to reconsider sentence, specifically setting forth: 1) the mitigating factors the court did not consider in arriving at a sentence in this case, and 2) the errors in the judge's conclusions of the facts of the case. Appellant was prejudiced as a result of these errors as the issues were not properly preserved for appellate review. As a result, trial counsel rendered ineffective assistance of counsel.

## *ASSIGNMENTS OF ERROR NOS. 1 & 2*:

Combining her first two assignments of error, Defendant argues that the evidence adduced against her was insufficient to support her conviction for aggravated battery, contending that her actions were justified. She claims that she was acting in self-defense and defense of her unborn child, as she was eight months pregnant at the time of the offense.

The standard for reviewing attacks on sufficiency of evidence is well settled, as this court explained years ago:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Aggravated battery is defined by La.R.S. 14:34(A) as "a battery committed with a dangerous weapon." Battery is defined by La.R.S. 14:33 as "the intentional use of force or violence upon the person of another. . . ."

3

As Defendant points out, the standard for non-homicide self-defense was set forth in La.R.S. 14:19 as it existed in 2005, the year of the offense:

> The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.

Defendant's present argument is essentially the same one she made at trial. She relies upon her testimony that the victim was the aggressor and that she feared for herself and her unborn child. She also claimed that the victim was wielding a bat—an allegation she did not mention in her original statement to police. However, Defendant's case hinges upon credibility, as the victim and another State witness testified that she was the aggressor. According to the victim and Glenda Landry,[2] Defendant attacked the victim as the latter was exiting her car. The victim denied using a bat, and Landry did not see one.

As noted in *Kennerson*, this court is not allowed to second-guess the credibility determinations made by the factfinder. In this case, the jury found the victim and Landry more credible than Defendant. We are unable to say that the jury's assessment was unreasonable or irrational. Therefore, we find Defendant's assignments of error numbers one and two to be without merit.

***ASSIGNMENT OF ERROR NO. 3:***

In her third assignment of error, Defendant argues that the trial court gave an incorrect instruction to the jury regarding self-defense and failed to mention self-defense during its re-instruction. She also claims that the trial court failed to explain to the jury the proper verdict if it found that she had acted in self-defense.

---

[2]Glenda Landry testified as an eyewitness to the altercation between Defendant and the victim.

4

However, Defendant acknowledges in her cited jurisprudence that an erroneous self-defense instruction can be deemed harmless error.

The record indicates that trial counsel failed to object to the trial court's jury instructions. Defendant acknowledges same in arguing that her trial counsel was ineffective for failing to object to the court's jury instructions. Lacking such an objection at trial, Defendant has not preserved the issue for appellate review. *State v. Runnels*, 12-167 (La. App. 3 Cir. 11/7/12), 101 So.3d 1046, *writ denied*, 13-498 (La. 7/31/13), 118 So.3d 1121.

Regardless, we note that the instruction error was in Defendant's favor, as the trial court's instruction placed upon the State the burden of proving Defendant did not act in self-defense, even though this was a non-homicide case. In a non-homicide case, such as attempted second degree murder, which is the charge in the instant case, the defendant must carry the burden of proving self-defense by a preponderance of the evidence. *State v. Anderson*, 98-492 (La.App. 3 Cir. 10/28/98), *writ denied*, 98-2976 (La. 3/19/99), 739 So.2d 781; *State v. Black*, 09-1664 (La.App. 4 Cir. 6/17/10), 41 So.3d 1243, *writ denied*, 10-1678 (La. 1/28/11), 56 So.3d 966. Also, the context of the trial judge's initial instruction shows that a finding that Defendant acted in self-defense should result in a not guilty verdict wherein the trial judge stated:

> And, finally, if the State has failed to prove to you beyond a reasonable doubt that the defendant is guilty of either the offense charged or a lesser offenses [sic], then your verdict must be not guilty.
>
> Self-defense, a defendant who raises -- this is where I made the error. I told you that the State always had the burden unless it's self-defense; that the defendant had to prove self-defense. That's wrong. I don't know why I said it. It's been a long week.
>
> A defendant who raises self-defense does not have the burden of proof on that issue. The State must prove beyond a reasonable doubt that the attempted second degree murder was not committed in self-defense. So the burden always remains with the State.

5

Regarding the trial court's failure to re-instruct the jury on self-defense, the record does not show that the jury requested such an instruction nor that the issue was problematic for the jury. Rather, the record suggests that the jury members wanted to clarify the various possible responsive verdicts.

In a fifth circuit case mentioned by Defendant, the court stated:

> We note that the charge given by the trial court is not wholly correct because it is based on the standard applicable when a homicide results. However, we believe this error to be harmless.

> In *State v. Cage*, 583 So.2d 1125 (La.1991), *cert. denied*, 502 U.S. 874, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991), the Louisiana Supreme Court stated that an improper jury instruction is a trial error and is subject to a harmless error analysis. We are mindful that the United States Supreme Court held that an erroneous jury instruction on reasonable doubt is not subject to harmless error. See *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). Nonetheless, we do not believe that the reasoning and analysis used by the *Sullivan* court are applicable in this instance. In *Sullivan*, the court held that a constitutionally deficient reasonable doubt instruction vitiates the jury's findings and will always result in the absence of an appropriate "beyond a reasonable doubt" jury finding. Such a structural defect in the trial mechanism is not subject to a harmless error.

> However, the erroneous instruction in the instant case concerned self-defense, and the existence of self-defense merely presents exculpatory circumstances which defeat culpability without negating the state's proof beyond a reasonable doubt of all the essential elements of the offense. See *State v. Barnes*, 491 So.2d 42 (La.App. 5 Cir.1986). As such the instruction is subject to a harmless error analysis.

> The proper analysis for determining harmless error as stated by the Supreme Court is, "not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in the instant trial was surely unattributable to the error". *Sullivan v. Louisiana*, supra. 508 U.S. at ____, 113 S.Ct. at 2081; *State v. Code*, 627 So.2d 1373 (La.1993), [*cert. denied*], 511 U.S. 1100, 114 S.Ct. 1870, 128 L.Ed.2d 491 (1994).

> In the instant case the evidence overwhelmingly established that the defendant fired upon police officers as they attempted to enter the building to execute a search warrant, thereby negating any claim of self-defense. Therefore, we do not find that the defendant's

conviction was attributable to the erroneous instruction. Thus, we find the erroneous instruction to be harmless error.

*State v. Richardson*, 92-836, pp. 5-6 (La.App. 5 Cir. 12/14/94), 648 So.2d 945, 948, *writ denied*, 95-343 (La. 6/23/95), 656 So.2d 1011.

As set forth in the earlier *Jackson* review and as the State suggests, self-defense was not a subtle legal issue at trial. It is quite clear that an altercation occurred, and that Defendant cut the victim. Defendant testified that she was defending herself and her unborn baby from the bat-wielding victim. The victim and another witness testified that Defendant attacked the unarmed victim with some sort of blade. Clearly, the jury believed the State's witnesses on the self-defense issue, even though the trial court's instruction placed the burden of disproving self-defense on the State. We find the court's error to be harmless as the verdict is "surely unattributable" to this issue. Thus, we find that this assignment of error lacks merit.

## *ASSIGNMENT OF ERROR NO. 4*:

In her fourth assignment of error, Defendant contends that her six-year sentence is excessive. The record indicates that counsel objected to the sentence without argument, and there was no motion to reconsider sentence. Louisiana Code of Criminal Procedure Article 881.1(E) states:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

In *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356, the defendant failed to object to the sentence at the sentencing hearing and did not timely file a motion to reconsider sentence. Thus, this court found his claim of excessiveness of sentence was barred. *See also State v. Williams*, 01-998

(La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59; *State v. Algere*, 09-85 (La.App. 3 Cir. 6/3/09) (unpublished opinion); *State v. Robinson*, 09-735 (La.App. 3 Cir. 12/9/09) (unpublished opinion); *State v. Stapleton*, 09-891 (La.App. 3 Cir. 2/3/10) (unpublished opinion); *State v. Gresham*, 10-474 (La.App. 3 Cir. 11/3/10) (unpublished opinion), *writ denied*, 10-2699 (La. 4/25/11), 62 So.3d 90. However, this court has reviewed excessiveness claims despite the lack of an objection and motion to reconsider sentence. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, __ U.S. __, 131 S.Ct. 932 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352; *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, *writ denied*, 09-606 (La. 12/18/09), 23 So.3d 936; *State v. Quinn*, 09-1382 (La.App. 3 Cir. 5/12/10), 38 So.3d 1102, *writ denied*, 10-1355 (La. 1/7/11), 52 So.3d 885. In the case at bar, we opt to review Defendant's argument as a bare claim of excessiveness.

The following analysis is pertinent:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v.*] *Lisotta*, [98-648 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57,] 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

    1.  The nature of the crime,

    2.  The nature and background of the offender, and

    3.  The sentence imposed for similar crimes by the same court and other courts.

*State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59.

We note that Defendant was subject to a sentence of up to ten years. La.R.S. 14:34.

At sentencing, the trial court stated:

The victim impact statement is quite lengthy with regard to the scarring and the problems that she has had as a result of the attack. She was also pregnant at the time and delivered prematurely. She had some hospital bills that remained unpaid, and she also missed some work.

When pronouncing sentence, the court observed:

I'm also taking into consideration in sentencing less than the maximum -- even though this was violent, cutting in the face, across the body, stabbing a pregnant woman, I'm also taking into consideration that there is no suspended sentence available and that Ms. Greene will have to serve out her time that I give her. She's still eligible for parole and still eligible for good time, but I cannot give her a sentence and suspend any part of it.

Although Defendant makes other arguments, the key issue she raises is whether her sentence was affected by the trial court's belief that the victim was pregnant at the time of the offense. As Defendant's appellate counsel accurately notes, the medical records introduced at trial indicate that the victim was *not* pregnant at the time of the offense. We find this to be a significant discrepancy, even within the context of a bare excessive claim review, as it bears upon the nature of the crime.

9

As a *Whatley/Lisotta* analysis cannot be properly conducted without clarification of this issue, we must remand this matter for a hearing and determination of whether the *victim* was pregnant at the time of the offense. If the trial court determines that the victim was pregnant during the altercation, the record must be clarified to account for medical evidence in the record indicating that the victim was not pregnant.

### *ASSIGNMENT OF ERROR NO. 5*:

In her fifth and final assignment of error, Defendant argues that her trial counsel was ineffective for failing to object to the erroneous jury charges and for failing to file a motion to reconsider sentence. As Defendant notes, an ineffective-assistance analysis has two parts: "In outlining the convicted defendant's burden of proof in an ineffective assistance case, the Supreme Court has established a two-part test. The defendant must show that a deficient performance on the part of his attorney prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *State v. Velez*, 588 So.2d 116, 131 (La.App. 3 Cir. 1991), *writs denied*, 592 So.2d 408 (La.1992), *cert. denied*, 505 U.S. 1220, 112 S.Ct. 3031 (1992).

Regarding Defendant's argument that counsel should have objected to the erroneous jury charges, as previously addressed in this opinion, the merits of the claim would not entitle Defendant to any relief. Even assuming, arguendo, that counsel's inaction constituted a deficient performance, Defendant failed to prove that her trial counsel's deficient performance prejudiced her defense as required by *Strickland*.

It is unnecessary to address the failure of Defendant's trial counsel to file a motion to reconsider sentence as we are remanding the case for clarification of the record regarding Defendant's sentence.

10

## DISPOSITION

Defendant's aggravated battery conviction is affirmed. Defendant's sentence is vacated. This matter is remanded to the trial court for a resentencing hearing to determine whether the victim was pregnant at the time of the offense and to resolve the current discrepancy between the sentencing transcript, which indicates that the victim was pregnant, and the victim's medical records introduced at trial which indicate otherwise. Upon resolution of this discrepancy, the trial court shall resentence Defendant pursuant to her aggravated battery conviction.

**CONVICTION AFFIRMED;**
**SENTENCE VACATED;**
**REMANDED FOR RESENTENCING.**

11