# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 0958

STATE OF LOUISIANA

VERSUS

ERIN SERIGNY

DATE OF JUDGMENT:     JAN 0 9 2020

ON APPEAL FROM THE SEVENTEENTH JUDICIAL DISTRICT COURT
NUMBER 574112, DIVISION E, PARISH OF LAFOURCHE
STATE OF LOUISIANA

HONORABLE F. HUGH LAROSE, JUDGE

* * * * * *

Kristine M. Russell
District Attorney
Allie LeBlanc Fournet
Shaun George
Joseph S. Soignet
Assistant District Attorneys
Thibodaux, Louisiana

Counsel for Appellee
State of Louisiana

Gwendolyn K. Brown
Baton Rouge, Louisiana

Counsel for Defendant-Appellant
Erin Serigny

* * * * * *

BEFORE:  McDONALD, THERIOT, AND CHUTZ, JJ.

Disposition: CONVICTION AND SENTENCE AFFIRMED.

Theriot, J. concurs

**CHUTZ, J.**

The defendant, Erin Serigny, was charged by bill of information with aggravated second degree battery, a violation of La. R.S. 14:34.7. The defendant pled not guilty and, following a jury trial, was found guilty of the responsive offense of aggravated battery, a violation of La. R.S. 14:34. The defendant was sentenced to seven years imprisonment at hard labor. The defendant now appeals, designating one assignment of error. We affirm the conviction and sentence.

## FACTS

Dudley Richoux, III, lived in a trailer on West 170th Street in Galliano, Lafourche Parish. Dudley's friend, the defendant, and the defendant's sister, Erica, had been staying with Dudley for a few days because, according to Dudley, they did not have a place to stay. Dudley learned that the defendant and Erica had been taking some of Dudley's belongings in the trailer. On March 2, 2018, Dudley told both of them they had to get out of his trailer.

The defendant and Erica packed their bags and waited outside for a ride. The defendant was angry that he had been told to leave and angry with Erica because the defendant thought she had called the police on him. According to Dudley, the defendant was threatening to beat up Erica. At trial, Dudley provided the following account of what happened. Dudley got between the defendant and Erica and told the defendant to put his hands on a man instead of a woman. Dudley then, without touching the defendant, walked him back off of his property into the street. At the edge of the street, the defendant tripped and staggered backward. The defendant, who carried a pocket knife for protection, then stabbed Dudley. When Dudley realized he was stabbed, he chased the defendant across the street. They both briefly hit the wall of a building. The defendant then ran. Dudley chased him for a bit, but had to stop because of his stab wound. Usually

2

Dudley also carried a pocket knife on his person because he was a fisherman. During his confrontation with the defendant, Dudley indicated he never took out, or threatened to take out, his own knife, and that it stayed in his pocket the entire time.

The defendant testified at trial and provided the following account. After he was told to leave Dudley's house, he was waiting outside for a ride. When his ride arrived, the defendant put his bags into the truck. Dudley then lunged off his porch and swung at the defendant, but missed. Dudley did, however, in swinging at him, pull the defendant's chain off and rip the defendant's shirt. The defendant took his shirt off. They moved across the street and stumbled against the wall of a building. At this point, Dudley again swung at the defendant. In this swing, the defendant saw the "glint" of what he perceived as a knife being swung by Dudley. The defendant then produced his own knife and stabbed Dudley. The defendant ran off and hid because Dudley and Dudley's friend, Dwayne, chased him.

Dudley was brought to Lady of the Sea General Hospital in Cut Off. He had difficulty breathing. The emergency room doctor who treated him testified that the lining of his left lung was damaged, known as a pneumothorax, which can be fatal. Dudley was started on oxygen and had a chest tube inserted. In order to be evaluated more completely for his wound, Dudley was transferred to the University Medical Center in New Orleans. Dudley testified that he had two tubes in his chest for almost a week. During his in-court testimony, Dudley stated that he still hurts when he picks up something. He described that he has three scars on his chest and one on his abdomen. He also indicated he could not do the physical work he needed to do because he was out of breath.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant asserts the trial court erred in charging the jury with incorrect instructions. Specifically, the defendant contends the trial court failed to inform the jury of who carried the burden of proof for a self-defense claim for a non-homicide offense.

Louisiana law is unclear as to who has the burden of proving self-defense in a non-homicide case. *State v. Barnes*, 590 So.2d 1298, 1300 (La. App. 1st Cir. 1991). In *State v. Freeman*, 427 So.2d 1161, 1162-63 (La. 1983), the Louisiana Supreme Court, without resolving the issue, suggested that the defendant in a non-homicide case may have the burden of proving self-defense by a preponderance of the evidence. See *Barnes*, 590 So.2d at 1300-01. Because this issue has never been resolved by our supreme court, this circuit has similarly left the issue unresolved. Thus, when self-defense in a non-homicide case is raised on appeal for sufficiency of the evidence, this court has analyzed the evidence under both standards of review; that is, whether the defendant proved self-defense by a preponderance of the evidence or whether the State proved beyond a reasonable doubt that the defendant did not act in self-defense. Similarly, we have consistently concluded in these cases that we need not decide who has the burden of proving (or disproving) self-defense, because under either standard the evidence sufficiently established that the defendant did not act in self-defense. See *State v. Calloway*, 2015-0191 (La. App. 1st Cir. 9/21/15), 2015 WL 5547564, *4 (unpublished), writ denied, 2015-1844 (La. 11/7/16), 208 So.3d 896; *State v. Taylor*, 97-2261 (La. App. 1st Cir. 9/25/98), 721 So.2d 929, 931.

Just prior to closing arguments, the prosecutor and defense counsel agreed that a self-defense charge should be included in the jury instructions. Defense counsel noted that, while the first circuit had not made it clear who had the burden

4

of proving self-defense in a non-homicide case, this did not mean that the instruction could not be included. The prosecutor responded that the first circuit had repeatedly declined "to go one way or the other" and that, as such, the court should provide "just a general definition of self-defense." The prosecutor added that omitting the burden of proof from the jury charge was not reversible error.

The trial court noted that our supreme court and the first circuit had not decided the issue. The trial court continued:

> The cases are replete from the First Circuit, which is there[] remains a deep divide between the Circuits. The First Circuit stands alone in that it has made neither choice. There is no clear guidance from the First Circuit regarding whether the burden is on the defendant to show by a preponderance or the state to show beyond a reasonable doubt.

The trial court stated that it would include a self-defense instruction. Because the first circuit and supreme court had remained undecided on the issue, however, the trial court concluded it would omit the burden of proof charge. That is, the instruction would be "devoid of any charge to the jury requiring the burden of proof to be on either party, that it is a neutral, if you will." Defense counsel objected to the ruling.

The trial court provided the following instructions on self-defense to the jury:

> [Louisiana Revised Statutes] 14:19, Subpart A(1)(a) of our Criminal Code provides that the use of force or violence upon the person of another is justifiable when committed for the purpose of preventing a forcible offense against the person, provided that the force or violence used must be reasonable and apparently necessary to prevent such offense. Thus, if you find that the defendant committed the offense charged for the purpose of preventing a forcible offense against his person; and that the amount of force or violence used was reasonable; and that the force or violence used was apparently necessary to prevent the forcible offense; then you must find the defendant not guilty.

The defendant contends in brief that this instruction on self-defense was inadequate to ensure the jury properly understood the law applicable to its

5

deliberations. According to the defendant, Dudley was the aggressor.[1] The defendant also suggests that everyone at the scene indicated the stabbing took place across the street by a building, rather than on Dudley's property. The defendant had testified at trial that he stabbed Dudley because he thought Dudley had swung at him with his (Dudley's) own knife. According to the defendant, if the account offered by the defense was accepted as true, then the stabbing was justified. The defendant concludes that had the jury been properly instructed that "the State bears the burden of negating a claim of justification, it is quite probable that the jury may have returned a different verdict."

The defendant and Dudley provided two competing versions of events. Dudley testified he was defending Erica and walking the defendant off his property when the defendant stabbed him. Dudley indicated he had not touched the defendant before he was stabbed. The defendant, on the other hand, testified that Dudley had swung at him twice and missed both times. According to the defendant, on Dudley's second swing, which occurred across the street next to a building, Dudley swung at him with a knife. When asked how he knew it was a knife, the defendant explained he saw a "glint" of the blade. The defendant indicated that when Dudley missed, the defendant produced his own knife and stabbed Dudley, then ran.

In this case, the facts were clearly disputed. As such, the jury had to determine which version of events it found more credible. The trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness. *State v. Weary*, 2003-3067 (La. 4/24/06), 931 So.2d 297, 311-12, cert. denied, 549 U.S. 1062, 127 S.Ct. 682, 166 L.Ed.2d 531

---

[1] A person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict. La. R.S. 14:21.

6

(2006). The jury's responsive guilty verdict indicated the jury believed Dudley's testimony and rejected the defendant's theory that he acted in self-defense. See *State v. Hartman*, 2015-1023 (La. App. 1st Cir. 2/17/16), 189 So.3d 458, 460-65, writ denied, 2016-0588 (La. 3/24/17), 216 So.3d 813.

Regarding the self-defense jury instruction, the defendant in brief suggested that the State bore the burden of negating a claim of justification. In the second, third, and fifth circuits, however, the jurisprudence has repeatedly found that the burden of proving self-defense in a non-homicide case rests with the defendant to prove the defense by a preponderance of the evidence. *State v. Barron*, 51,491 (La. App. 2d Cir. 8/9/17), 243 So.3d 1178, 1186, writ denied, 2017-1529 (La. 6/1/18), 243 So.3d 1063. The fourth circuit is split as to where the burden of proof lies. *Id.* This circuit has never decided the issue, and the Louisiana Supreme Court in *Freeman*, 427 So.2d at 1163, suggested that the defendant in a non-homicide case may have the burden of proving self-defense by a preponderance of the evidence. In *Martin v. Ohio*, 480 U.S. 228, 235, 107 S.Ct. 1098, 1102-03, 94 L.Ed.2d 267 (1987), the United States Supreme Court upheld allocation of the burden on the defendant for those statutory schemes in which self-defense defeats no elements of the offense.

The court shall charge the jury as to the law applicable to the case. La. C.Cr.P. art. 802(1). A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given. La. C.Cr.P. art. 807.

An improper jury instruction is a trial error subject to harmless error review analysis. *State v. Woods*, 2000-2147 (La. App. 1st Cir. 5/11/01), 787 So.2d 1083, 1095-97, writ denied, 2001-2389 (La. 6/14/02), 817 So.2d 1153. An improper jury

instruction on self-defense is also subject to harmless error analysis. *State v. Richardson*, 92-836 (La. App. 5th Cir. 12/14/94), 648 So.2d 945, 947-48, <u>writ denied</u>, 95-0343 (La. 6/23/95), 656 So.2d 1011. <u>See</u> *State v. Free*, 48,260 (La. App. 2d Cir. 11/20/13), 127 So.3d 956, 970 n.5, <u>writ denied</u>, 2013-2978 (La. 5/30/14), 140 So.3d 1174, <u>writ denied</u>, 2014-0039 (La. 9/19/14), 148 So.3d 944. The inquiry is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error. *Sullivan v. Louisiana*, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993); *State v. Patterson*, 2012-2042 (La. 3/19/13), 112 So.3d 806, 810.

Herein, if the jury thought the defendant had the burden of proof, the prevailing view of this State's jurisprudence, then it clearly found the defendant did not meet his burden of proof. Since the trial court, however, instructed the jury that the burden of proof was on the State to prove each element of the crime beyond a reasonable doubt, it is likely the jury thought the State also had the burden of proof regarding self-defense. If so, this ostensible instruction error inured to the benefit of the defendant anyway because it placed a more onerous burden on the State of having to disprove something it was not by law required to disprove. <u>See</u> *State v. Greene*, 2012-649 (La. App. 3d Cir. 11/6/13), 126 So.3d 839, 844; *State v. Glover*, 47,311 (La. App. 2d Cir. 10/10/12), 106 So.3d 129, 139-40, <u>writ denied</u>, 2012-2667 (La. 5/24/13), 116 So.3d 659. Moreover, it would seem that given that the first circuit has not decided which burden is applicable, then a neutral approach, that is, the approach that does not instruct a jury on who has burden of proof, is the correct approach to take.

Nevertheless, we find that even if the jury charge on self-defense was erroneous, it was harmless error because the defendant was not prejudiced by any

such error. See *State v. Morris*, 2009-0422 (La. App. 1st Cir. 9/11/09), 22 So.3d 1002, 1014. In finding the defendant guilty, the jury clearly found implausible and/or irrational the defendant's account that unprovoked, Dudley ran at him and twice swung a knife at him, prompting the defendant to defend himself with his own knife. See *State v. Elzey*, 2014-0452 (La. App. 1st Cir. 9/19/14), 2014 WL 4657317, *4 (unpublished), writ denied, 2014-2103 (La. 5/22/15), 171 So.3d 921.

The trial court's jury instruction on self-defense did not constitute reversible error. Accordingly, the assignment of error is without merit.

## DECREE

For these reasons, we affirm the conviction and sentence of defendant, Erin Serigny.

**CONVICTION AND SENTENCE AFFIRMED.**

9